IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PATTI KIM,

               Respondent,

       v.

MOON H. HUR and SEUNGJA HONG,

               Appellants.

No. 84633-7-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, J. — Patti Kim prevailed in her unlawful detainer action against former tenants Moon Hur and Seungja Hong. The tenants appeal several trial court orders, but fail to establish a basis for appellate relief. We affirm.

FACTS

Kim owns a residence in Tacoma, Washington. In August 2016, she began leasing the residence to Hur and Hong (collectively, Hur) on a month-to-month basis under an oral agreement. They also orally agreed to an "option to buy" arrangement, whereby Kim would sell the residence to Hur if they paid $150,000 either by September 2018 or July 2019.[1]

---

[1] The parties dispute when the "option to buy" was to be exercised, but that is an issue outside the scope of this appeal.

By July 2019, Hur had only made $60,000 in option payments. Hur sent payment of the remaining $90,000 in January 2020, but Kim refused to accept it. The next month, Kim returned the $60,000 that had already been paid by mail and began refusing Hur's monthly rent payments.[2]

In April 2020, Kim served Hur with a 30-day notice of termination of tenancy. However, Hur did not vacate. In June 2020, Kim served Hur with a 60-day notice of her intent to sell the residence and informed them that it had already been listed for sale. In August 2020, after the 60-day notice expired and Hur did not vacate the residence, Kim filed a summons and complaint for unlawful detainer seeking a writ of restitution and damages.

In September 2020, Hur filed a counterclaim asserting a possessory interest in the residence. It alleged breach of contract, conversion, unjust enrichment, fraudulent inducement, violations of the Consumer Protection Act[3], and negligent misrepresentation.

On October 1, 2020, a commissioner found Hur "failed to show cause why possession of the" residence "should not be returned to" Kim, and entered an order for the court clerk to issue a writ of restitution directing the Pierce County Sheriff to evict Hur from the residence. Hur moved to revise the commissioner's decision, which a judge subsequently denied, in December 2020. Hur then sought discretionary review of the order denying revision.

---

[2] Kim claims that Hur never cashed the $60,000 return check.

[3] Chapter 19.86 RCW.

Meanwhile, the parties were scheduled for a two-day trial in March 2021 to resolve Kim's damages claims and Hur's counterclaims. But, days prior to trial, Hur obtained a continuance until June 16, 2021.

Kim moved to dismiss Hur's counterclaims on summary judgment in April 2021. On May 6, 2021, the trial court granted that motion because Hur failed to respond. Hur requested a second trial continuance in late May 2021, which was granted. On June 2, Hur moved for reconsideration but it was denied. Hur then moved for discretionary review of the denial order. Hur again moved to continue the trial date. The trial court granted Hur's motion and continued trial to October 13, 2021. A commissioner of this court denied Hur's first motion for discretionary review in August 2021.

In September 2021, Hur moved for yet another trial continuance, which was denied. The trial on Kim's claims of damages commenced on October 13, 2021. At Kim's request, the court entered a revised order directing issuance of the writ of restitution. Following the bench trial, the court concluded that Kim was entitled to entry of judgment in the amount of $40,800 for lost rental opportunity, $200 for statutory attorney fees, and $72 for each day after October 31 that Hur continued to occupy the residence. The court entered findings of fact, conclusions of law, and judgment against Hur on October 22 and Hur filed a motion for reconsideration shortly thereafter, which was denied. Hur timely appealed.

ANALYSIS

As a preliminary matter, though the first error analyzed in Hur's opening brief is the trial court's denial of their September 2021 request for a continuance of the trial date, this issue is not one of their assignments of error, nor is it set out as an issue associated with an assignment of error.[4] RAP 10.3(a)(4) requires:

> The brief of the appellant or petitioner should contain under appropriate headings and in the order here indicated:
> . . .
> A separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error

Further, RAP 10.3(g) expressly states, in relevant part, "The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto." Despite the fact that both parties devote substantial portions of their briefing to this question, denial of the continuance is not associated with the propriety of the findings of fact, conclusions of law, or judgment entered in this case, nor is it associated with the denial of the motion for reconsideration of the summary judgment dismissal of Hur's counterclaims. Further, there is no argument before us, other than conclusory statements, to demonstrate that the denial of this continuance prejudiced Hur or otherwise impacted these other various rulings. Accordingly, we decline to reach this issue.

---

[4] Kim did not object to this portion of the opening brief as outside the scope of the assignments of error.

I.    Challenge to Findings of Fact and Conclusions of Law

Next, Hur broadly claims the "facts now in evidence clearly show" that the trial court erred by entering its findings of fact, conclusions of law, and judgment in favor of Kim.  Yet, Hur fails to expressly assign error to any of the trial court's findings of fact as required by RAP 10.3(g), or to set out the text of challenged findings as required by RAP 10.4(c).[5]  Because the nature of their challenges are unclear, we decline to review them.  Harris v. Urell, 133 Wn. App. 130, 137, 135 P.3d 530 (2006) ("[W]e will waive technical violations of RAP 10.3(g)" where "the appellant's brief makes the nature of the challenge clear and includes the challenged findings in the text").

RAP 10.3(g) and RAP 10.4(c) are intended to aid Washington courts in the "expeditious and orderly" appellate review of claimed errors.  Thomas v. French, 99 Wn.2d 95, 99-100, 659 P.2d 1097 (1983).  Without such rules, we "would be required to search through sometimes large volumes of material to find matters . . . claimed to have been erroneously given or refused," and that process "would make appellate review unmanageable."  Thomas, 99 Wn.2d at 100.  Here, where the record contains over 2,500 pages of clerk's papers and 200 pages of the report of proceedings, and Hur fails to cite any specific evidence challenging any particular finding, "nonconsideration of the claimed error" is appropriate.  Thomas, 99 Wn.2d at 100.

---

[5] "A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number.  The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto."  RAP 10.3(g).  Similarly, RAP 10.4(c) states, "If a party presents an issue which requires study of a . . . finding of fact . . . the party should type the material portions of the text out verbatim or include them by copy in the text or in an appendix to the brief."

II.     Evidentiary Ruling

Hur asserts that the trial court erred by failing to admit into evidence proof that they paid Kim $60,000.  However, while Hur repeatedly claim this ruling was an abuse of discretion, they never engage with the test under ER 402, nor do they offer any authority to demonstrate how this ruling was outside the range of reasonable interpretations of the evidence rules.   The court explained its evidentiary ruling as follows:

> There is no doubt at all that this was not rent.  It had to do with a collateral or related agreement regarding the subject property.  What the terms of that agreement are are not before this [c]ourt.  They're not before the [c]ourt because the counterclaim was dismissed . . . Consequently, the $60,000 is not before this [c]ourt and the [c]ourt will not consider it in making a decision in this case any further."

In short, evidence regarding Hur's $60,000 payment concerned their counterclaims and was not relevant to Kim's claims for unlawful detainer damages, the only issue before the court at that point in the proceedings.  We review a trial court's decision to admit or exclude evidence for an abuse of discretion.  <u>Cox v. Spangler</u>, 141 Wn.2d 431, 439, 5 P.3d 1265 (2000).  Given the procedural posture of the case, this ruling was not an abuse of discretion.[6]

---

[6] Hur also claims that the trial court's judicial assistant failed to send them a correct pretrial order, which placed them "at an extreme [sic] difficult position to present his case . . . as no one . . . had [their] evidence."  However, this procedural fact was not the basis of the court's evidentiary ruling and, as such, is irrelevant to the issue as set out in the assignments of error.  Further, the record establishes that Hur was able to present their evidence to the court and Kim at trial.  Hur has not identified any error or prejudice.

III.     Dismissal of Counterclaims and Denial of Motion for Reconsideration

Hur also argues that the trial court erred in granting Kim's motion to dismiss their counterclaims on summary judgment.  We disagree.

Clarification of the procedural posture and history is again key to the analysis of this issue.  Kim's motion sought relief under CR 12 and CR 56.  However, the CR 12(b)(6) motion converted to a motion for summary judgment because the trial court considered matters outside the pleadings.  See CR 12(c).  We review summary judgment orders de novo, engaging in the same inquiry as the trial court.  Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020).  Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56(c).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

Here, Hur was the nonmoving party.  After the moving party meets its initial burden to show an absence of material fact, "the inquiry shifts to the party with the burden of proof at trial."  Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).  When responding to the summary judgment motion, the nonmoving party cannot rely on mere allegations contained in the pleadings.  Id.  Instead, the party must offer affidavits or other means provided in CR 56 to set forth specific facts showing that there is a genuine issue for trial.  Id. at 225-26.

Hur did not oppose Kim's motion. Accordingly, the trial court found that Hur "failed to come forward with evidence raising a material issue of fact" and entered an order dismissing Hur's counterclaims. Under these circumstances, we concur that summary judgment to Kim was proper.

Hur also contends that the trial court improperly deemed their CR 59 motion for reconsideration of the dismissal order untimely, claiming that CR 54(b) allows them to seek reconsideration at any time. We review rulings on CR 54(b) and CR 59 motions for an abuse of discretion. Hulbert v. Port of Everett, 159 Wn. App. 389, 404, 245 P.3d 779 (2011); Millies v. LandAmerica Transnation, 185 Wn.2d 302, 316, 372 P.3d 111 (2016). "A motion for a new trial or for reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision." CR 59(b).

Hur filed their motion for reconsideration asserting CR 59(a)(7) and CR 59(a)(9) claims on June 2, 2021 (27 days after the May 6, 2021 order of dismissal). This motion was clearly untimely. Hur emphasizes CR 54(b), which provides, in part, that a "decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." But, Hur fails to address the fact that final judgment was entered on all the surviving claims here, rendering inapplicable this portion of the rule addressing finality for purposes of appeal. While they repeatedly offer authority that the denial of a motion for summary judgment is not a final order for purposes of appeal, those cases do not control where, as here, summary judgment dismissal was granted, resulting in finality. Further, in urging reversal of the trial court's ruling on reconsideration, Hur

continues to argue the merits of the summary judgment decision, but that is not the proper standard of review for this sort of challenge. The trial court did not abuse its discretion by denying the motion for reconsideration.[7]

IV.     Modification of Commissioner's Ruling

Prior to filing this appeal, Hur sought discretionary review alleging that the trial court committed probable error by denying their motion for revision in December 2020 because Kim's letter of intent to sell was not in the form of an affidavit, and thus it failed to meet the requirement of Governor Jay Inslee's Proclamation 20-19.4.[8] In August 2021, a commissioner of this court denied Hur's motion, ruling that they failed to show review was appropriate under RAP 2.3(b).

Hur moved to modify the commissioner's ruling pursuant to RAP 17.7, arguing that this court should accept review of the trial court's order because the commissioner "misapplied" Dzaman v. Gowman, 18 Wn. App. 2d 469, 491 P.3d

---

[7] Hur's reply brief on appeal asserts that they have a viable claim for "excusable neglect" with regard to the late filing of their motion for reconsideration. We decline to consider this argument for two reasons. First, this issue is raised for the first time on appeal. See RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court"). Second, and perhaps more critically as it prevents the respondent from presenting argument on the issue, Hur makes this assertion for the first time in their reply. "We do not address matters raised for the first time in reply briefs." Samra v. Singh, 15 Wn. App. 2d 823, 834 n.30, 479 P.3d 713 (2020); see also RAP 10.3(c) (A reply brief must be "limited to a response to the issues in the brief to which the reply brief is directed").

[8] In February 2020, Governor Inslee declared a State of Emergency in Washington due to the COVID-19 pandemic. In March 2020, he issued a proclamation placing a temporary moratorium on most evictions. The moratorium was amended and extended by several subsequent proclamations. In June 2020, an exception was made to the moratorium that allowed a landlord to prosecute an eviction upon 60 days' written notice of an intent to sell the property. See Proclamation of Governor Jay Inslee, No. 20-19.2 (Wash. June 2, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19.2%20Coronavirus%20Evictions%20%28tmp%29.pdf. In October 2020, the governor issued Proclamation 20-19.4, which modified the prior proclamations by requiring that the landlord's 60-day notice of intent to sell be in the form of an affidavit signed under penalty of perjury. See Proclamation of Governor Jay Inslee, No. 20-19.4 (Wash. Oct. 14, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.4.pdf.

1012 (2021). While that motion was pending, in November 2021, Hur moved to convert their requests for discretionary review to notices of appeal under RAP 5.1(c). Because the final judgment had been entered by then, this court granted the motions and converted Hur's discretionary review actions to full appeals. All of Hur's notices of appeal were then consolidated "for purposes of perfecting the record, briefing, argument and disposition."

On appeal, Hur contends that the motion to modify is "still pending" before this court and argues that "the commissioner's decision should be modified." But, our ruling accepting review of Hur's claims rendered their motion to modify moot, thus, we need not address this claim.

Even viewing the crux of Hur's argument, i.e., the writ of restitution was improperly issued because Kim's letter of intent to sell did not comply with Proclamation 20-19.4, we see no error. In Dzaman, this court concluded that Proclamation 20-19.4 prohibited a landlord from "obtaining a writ of restitution because that action constituted the enforcement of a judicial eviction order," and the landlord in that case "did not send a 60-day notice in the form of a sworn affidavit." 18 Wn. App. 2d at 482-83. The only writ of restitution in the record before us was issued in October 2021, well after the eviction moratorium expired in June 2021.[9] Thus, the writ of restitution was properly issued and Dzaman does not control.

---

[9] See Proclamation of Governor Jay Inslee, No. 20-19.6 (Wash. Mar. 18, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.6.pdf.

## V.     Attorney Fees

Because Hur's arguments on appeal fail, we deny their request for attorney fees under RAP 18.1(a).

Affirmed.

WE CONCUR: